[Criminal No. 873.   Filed April 10, 1939.]

[89 Pac. (2d) 34.]

STATE OF ARIZONA, Appellant, v. D. C. WILLIAMS, Respondent.

Mr. John W. Corbin, County Attorney, Mr. Lin Orme, Jr., and Mr. W. T. Choisser, his Deputies, for Appellant.

Messrs. Langmade & Langmade, for Respondent.

LOCKWOOD, J.—An information was filed in the superior court of Maricopa county against D. C. Williams, hereinafter called respondent, accusing him of violating the provisions of chapter 55, Session Laws of 1933. To this information he filed a demurrer, alleging that the chapter on which the information was based was unconstitutional. After argument, the demurrer was sustained by the court and the action dismissed, and the state has appealed.

The only question involved is whether chapter 55, *supra,* is constitutional. This chapter is an act providing for the licensing of wholesale peddlers, who are defined by the act as, ''any person engaged in selling vegetables, dry beans, butter, eggs, poultry, berries, fruits and nuts to any other person for the purpose of resale.'' A license is required for the purpose of doing business as a wholesale peddler, and section 3 of the act governing this license is in this language:

''Every person engaged in the business of a wholesale peddler within this state, except those persons engaged in such business at a fixed and established place of business within the state, shall pay an annual license tax for each county within which such wholesale peddler shall engage in business. In counties

containing a population, as determined by the preceding United States census, in excess of one hundred thousand persons, the license tax shall be five hundred ($500.00) dollars, and in counties containing, as determined by the preceding United States census, a population of less than one hundred thousand persons, the license tax shall be three hundred ($300.00) dollars. . . . ''

It is the contention of respondent that this licensing provision is a violation of section 13 of article 2 of the Constitution of Arizona, which reads as follows:

''No law shall be enacted granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which, upon the same terms, shall not equally belong to all citizens or corporations,''

in that it fixes the license on the basis of the location of the business, and that this is an arbitrary, unreasonable classification.

This court had a proposition similar to the one involved herein before it in the case of *Gila Meat Co.* v. *State,* 35 Ariz. 194, 201, 276 Pac. 1, 3, and it is admitted by appellant that if we adhere to the rule laid down in that case the judgment must be affirmed. Therein the question arose as to whether it was a violation of section 13 of article 2, *supra,* to classify slaughter houses for excise taxation on the basis of the location of the business. After reviewing the cases at length, we quoted from the case of *Hager* v. *Walker,* 128 Ky. 1, 107 S. W. 254, 129 Am. St. Rep. 238, 15 L. R. A. (N. S.) 195 as follows:

'' 'It is insisted for the state that a license fee or tax imposed for state purposes may be graduated alone by the population of the city or county in which such business may be conducted, or by the fact that the person from whom the fee is exacted resides or does business in one city or another, or in this county

or that one, but, as we have endeavored to point out, classification cannot be made on these lines. . . . ' ''

We said:

''We think the reasoning of the case thus cited is sound, and in accordance with the spirit of all our constitutional provisions bearing on the subject. There are many cases holding that a tax based upon the location of a particular business violates the special privilege clauses of the different Constitutions [Citing cases].''

and held that the act involved was unconstitutional. That case was on all-fours, so far as the principle involved is concerned, with the present case, and we see no reason for departing from the rule there announced.

The judgment of the superior court of Maricopa county is affirmed.