360 P.2d 227

**MARICOPA COUNTY, Arizona, a body politic, and Phil A. Isley, Treasurer of said County, Appellants,**

v.

**Lorain H. LEPPLA and Cecile Leppla, his wife, and Phoenix Title and Trust Co., an Arizona Corporation, Appellees.**

No. 6741.

Supreme Court of Arizona.

March 15, 1961.

Charles C. Stidham, as Maricopa County Atty., James J. Caretto, Chief Civil Deputy, Phoenix, for appellants.

Cunningham, Carson & Messinger, William H. Rehnquist, Phoenix, for appellees.

LOCKWOOD, Justice.

Appellees, hereafter called plaintiffs, sued the appellants, hereafter called defendants, alleging that prior to November 4, 1957, certain taxpayers named in the complaint had paid the first installment of 1957 taxes on properties assessed to them respectively, and that thereafter the plaintiff Phoenix Title and Trust Company, acting for and on behalf of either itself or the taxpayers, and in ignorance that the taxes had already been paid, again paid the taxes. Plaintiffs prayed judgment for the amount of the overpayments made for themselves and for and on behalf of the taxpayers for whom they acted, and also for a judgment declaring that the County Treasurer is authorized by law to make refunds to taxpayers un-

der such circumstances. The matter was submitted to the trial court upon the defendants' motion to dismiss, and upon the plaintiffs' motion for judgment on the pleadings. The trial court denied the former and granted the plaintiffs' motion and thereafter a written judgment in accordance with the order was entered from which judgment the defendants have appealed.

Defendants urge that the lower court erred in granting the plaintiffs' motion for judgment on the pleadings and entering judgment in accordance therewith for the reasons that: (1) voluntary payment of taxes without protest and not under duress, cannot be recovered by a taxpayer; (2) when a person through his own mistake voluntarily makes a payment of taxes, which the law would not compel him to make, such mistake is no basis for recovering the erroneous payment; (3) the County Treasurer has no authority to refund taxes once he has issued a receipt for them except upon lawful order of the proper authority; and (4) declaratory judgment is not proper when the matters pleaded do not involve a question of construction or validity of the rights, statute or other legal relation which are affected by the statute, municipal ordinance, contract or franchise.

Defendants cite numerous cases to the effect that it is the general rule that taxes voluntarily paid without protest and not under duress cannot be recovered by the taxpayer, even though paid by mistake, if the mistake is upon the part of the taxpayer, and is due to his own negligence. They rely particularly on Maricopa County v. Arizona Citrus Land Co., 55 Ariz., 234, 100 P.2d 587, 589, as holding that the burden of knowing what the tax situation is with reference to a particular piece of property is on the taxpayer himself and that in the event he does not ascertain and familiarize himself with what the tax record indicates, he acts negligently and is not permitted to recover. Plaintiffs also rely upon this case, particularly noting this court's reference to the Restatement of the Law on Restitution, § 19 as follows:

"A person who has paid money to another because of an erroneous belief induced by a mistake of fact that he was thereby performing in whole or in part a duty to the payee, other than a contract duty, is entitled to restitution of the amount so paid if such duty did not exist. * * *

"h. Public duties. Subject to the rules as to the immunity of the State from liability, the rule stated in this Section applies to a payment made because of a mistake of fact as to the existence of a public obligation, *as where a person pays for the second time a tax due from him personally, having forgotten the initial payment, or makes payment of a fine in ignorance that his attorney has already paid.*"

As stated in the foregoing case, this court has taken the position that it will follow the Restatement unless it appears we are committed to some other rule than that contained therein, or that it does not clearly state the rule of common law. This court concluded that the sections of the Restatement above cited did not apply to the Arizona Citrus Land Co. case, supra. Therein the plaintiffs sued Maricopa County to recover from it certain taxes which plaintiffs had paid as assessed against property owned by them. After such payment plaintiffs discovered that the taxes assessed against them were on improvements which as a matter of fact were not situated on their land but on adjoining land owned by other persons. We held that the fact situation did not fall within paragraph h of Section 19, supra, stating:

"We think the section quoted and the illustration given do not apply to the facts of the present case. The latter limits the application of the rule to 'a mistake of facts as to the existence of a public obligation', *giving two instances of where a public obligation has already been satisfied, and a person pays it a second time.*

"In the present case there can be no doubt that a public obligation to pay taxes on the improvements existed and that it had never been satisfied until it was paid by plaintiff. We think the rule laid down by the Supreme Court of California correctly states the common law rule *as applicable to circumstances involved in the present case,* and that it is not in conflict with the restatement. * * *" (Emphasis supplied).

Although the precise point involved herein, viz., a double payment of the same tax, was not involved in the Arizona Citrus Land Co. case, this court obviously recognized a distinction between "a mistake of facts as to the *existence* of a public obligation", and a situation where a public obligation has already been satisfied and someone pays it a second time. There is no doubt that the general rule of common law is that voluntary payment of taxes without protest and not under duress cannot be recovered by a taxpayer, if such payment was made through a mistake on the part of the taxpayer, and was due to his own negligence. Maricopa County v. Arizona Citrus Land Co. supra. In each of these cases however, an assessment was made and a tax levied thereon, and thereafter the taxpayer paid the tax, without ascertaining whether or not the assessment was correct or whether the tax was a valid one against him. Under such circumstances the courts have denied recovery by the taxpayer, in effect upon the ground that even though there was a mistake of fact, such fact was within the ability of the taxpayer to ascertain, and there was negli-

gence on his part in not doing so before making payment of the tax. This is contrary to the general principle as to overpayment or wrongful payment on the part of one individual to another, in which case the rule is practically uniform that the individual may recover the excess or wrongful payment. Continental Oil Co. v. Rapp, Okl., 301 P.2d 198, 202; Restatement, Restitution § 19, p. 86.

Apparently the rationale in tax cases follows the statement from 3 Cooley Taxation § 1295 which reads as follows:

"To accord a right of recovery in every case where, after assessments have been made without appeal, budgets and tax rates predicated thereon, the taxes paid without objection or protest, and the monies expended for the public purposes, it afterwards developes that some mistake has been made in the assessment, would work disastrous results. It must of necessity be confined to extreme and exceptional cases."

█ This is not a case where a tax obligation actually *existed* after the original payment by the taxpayer had been made. The second payment was purely gratuitous and constituted a receipt by the tax authority of money which it had not anticipated in any manner whatsoever, and for which there existed no obligation. Under no theory, of mistake or otherwise, was the taxpayer or its agent required to satisfy a non-existent obligation. Under these circumstances, we are of the opinion that the reason for denying a taxpayer the right to recover taxes paid under a mistake of fact which he might have ascertained and called to the attention of the taxing authority before payment, does not exist, and that paragraph h of Section 19, Restatement, supra, applies. We find, therefore, that the court did not err in entering judgment for the plaintiffs and against the defendants for the amount of taxes paid in addition to satisfying the original tax assessment.

█ The claim for declaratory relief apparently is in anticipation of a similar fact situation which might or might not develop. We have held that this does not form the basis for a declaratory judgment. See Moore v. Bolin, 70 Ariz. 354, 220 P.2d 850.

The judgment of the trial court is therefore affirmed in part, and reversed in part, with directions to strike that portion of the judgment which is declaratory in nature.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and JENNINGS, JJ., concur.