448 P.2d 886

**MOORE BUSINESS FORMS, INC.,**
Appellant,

v.

**ARIZONA STATE TAX COMMISSION, a body corporate and politic; and Waldo L. Dewitt, John M. Hazelett, and William E. Stanford, as members of and constituting said Arizona State Tax Commission, Appellees.**

**No. 1 CA–CIV 775.**

Court of Appeals of Arizona.

Dec. 31, 1968.

Rehearing Denied Feb. 20, 1969.
Review Denied March 25, 1969.

Jennings, Strouss, Salmon & Trask, by Rex E. Lee and Richard L. Lassen, Phoenix, for appellant.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, former Atty. Gen., John V. Riggs, Asst. Atty. Gen., for appellees.

MOLLOY, Judge.

This is an appeal from a summary judgment which denied to the plaintiff-taxpayer a refund of transaction privilege taxes. The defendant, Arizona Tax Commission, concedes that the taxes paid were not lawfully levied. The sole basis for the order entered below is that the taxes were paid without protest and therefore not recoverable.

The plaintiff is a foreign corporation in the business of job printing. During the period of time covered in its complaint, it paid, upon the demand of the State Tax Commission, a tax upon its sales within this state under the rate prescribed by A.R.S.

§ 42–1312, subsec. A, applicable to "* * * the business of selling any tangible personal property whatever at retail * * *." The rate of tax imposed under this section is twice the amount of tax provided by law as to the gross proceeds of sales from "job printing." A.R.S. 42–1310(2) (h), as amended.

Previous to the decision of Standard Register Company v. State Tax Commission, 93 Ariz. 234, 379 P.2d 904 (1963), the defendant, State Tax Commission, had taken the position that out-of-state persons engaged in "job printing" must pay the higher retail sales tax, rather than the special tax on job printing paid by residents of this state. The reasoning behind this position was that statutory language imposed the tax upon the conducting of certain business "within this state," and that out-of-state job printers do not conduct this particular business within this state, but rather that of retail selling. See Standard Register, supra, 93 Ariz. at 235–236, 379 P.2d 904. In *Standard Register*, our Supreme Court held that this contention of the Arizona Tax Commission was erroneous and that all persons engaged in job printing should be taxed at the same, lower rate.

The plaintiff contends that, under § 42–1326,[1] it is now entitled to an audit and a refund of its overpayment, totaling in excess of $60,000. The plaintiff takes the position that previous decisions of the Arizona Supreme Court have overlooked the subject provision of our code and that, under similar provisions in other states, courts have allowed recovery of taxes paid without protest under similar conditions.

It is our view that the plaintiff's contentions are foreclosed by the reasoning of City of Phoenix v. Phoenix Newspapers, Inc., 100 Ariz. 189, 412 P.2d 693 (1966), and Smotkin v. Peterson, 73 Ariz. 1, 236 P.2d 743 (1951), and the direct holding of Bodco Building Corp. v. Arizona State Tax Com'n, 5 Ariz.App. 589, 429 P.2d 476 (1967).

The *Bodco* decision has the following pertinent language:

"The predecessor of § 42–1326 (A.C.A. 1939 § 73–1327), was in the statute books when Smotkin v. Peterson, 73 Ariz. 1, 236 P.2d 743 (1951) was decided. The Supreme Court therein stated that where the taxing official has a semblance of authority to collect a tax, the payment under protest provisions of the statute must be followed. To quote the Court:

"'* * * Section 73–1318 (A.R.S. § 42–1338–1339) of the Excise Revenue Act expressly provides that in cases such as this the taxpayer shall pay the tax under protest and sue for its recovery. This remedy is exclusive.'"

5 Ariz.App. 591, 429 P.2d 478.

It is our view that there was a "semblance of authority" for the position taken by the Arizona Tax Commission prior to the *Standard Register* decision. Exceptions to the general rule of nonrecovery of taxes paid without protest have been narrowly circumscribed in this state. See Maricopa County v. Arizona Citrus L. Co.,

---

1. "If, upon examination of a monthly return made under this article, it appears that an amount of tax has been paid in excess of the tax lawfully due, then the excess amount shall be credited against any tax then due from such taxpayer under any other monthly return. The commission, in its discretion, may issue to the taxpayer a credit voucher for any balance of the excess, or may, upon an audit of the taxpayer's accounts and records, refund to the taxpayer such amount as may be found due by issuing a certificate of overpayment and a claim for refund to the state auditor which shall be investigated and approved by the attorney general. Upon approval, the auditor shall draw a warrant in favor of the taxpayer against the state treasurer which shall be paid from the special privilege tax account, and an amount equivalent to the proportion of the tax paid in excess of the amount due which has been paid to a county shall be deducted from any amount thereafter to be paid under this article to the county and credited to the special privilege tax account.
13 A.R.S. § 42–1326.

55 Ariz. 234, 100 P.2d 587 (1940), and compare Maricopa County v. Leppla, 89 Ariz. 220, 360 P.2d 227, 84 A.L.R.2d 1129 (1961). It is our view that no exception is permitted here.

Judgment affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.