511 P.2d 185

Leo V. BENEDICT, Treasurer, and Ex-officio Tax Collector of Maricopa County, Arizona; and Maricopa County, a body politic of the State of Arizona, Appellants,

v.

HYDRO CONDUIT CORPORATION, a Delaware corporation, Appellee.

No. 1 CA–CIV 2028.

Court of Appeals of Arizona, Division No. 1.

June 26, 1973.

Beer & Kalyna by Olgerd W. Kalyna, Phoenix, for appellants.

No appearance by appellee.

HATHAWAY, Chief Judge.

The appellants seek review of a judgment in favor of the appellee-taxpayer in a suit to recover taxes which it claimed to have "inadvertently overpaid" for 1968. The case was tried to the court on an agreed statement of facts resulting in a judgment in favor of the taxpayer in the amount of $1,724.74. The successful taxpayer, however, has filed no brief on appeal.

Appellants contend, and we agree, that disposition of this appeal is governed by the oft-reiterated principle that where debatable issues are presented, an appellee's failure to file an answering brief constitutes a confession of reversible error. Beck v. Beck, 9 Ariz.App. 77, 449 P.2d 313 (1969); Town of Cottonwood v. Evans, 13 Ariz.App. 595, 480 P.2d 16 (1971); Witherspoon v. Witherspoon, 17 Ariz.App. 391, 498 P.2d 233 (1972).

The pertinent agreed-upon facts are as follows. On or about April 15, 1968, the taxpayer voluntarily filed a personal property return with the Maricopa County Assessor's office. The assessor accepted the return and the values and property listed thereon and sent the taxpayer a notice of valuation of unsecured personal property. On or about July 10, 1968, the taxpayer voluntarily and without protest paid the full amount of the personal property taxes to the Maricopa County Treasurer. Subsequently, the taxpayer received a tax bill on its real property and improvements thereon and paid the first half voluntarily and without protest. On or about May 1, 1969, the taxpayer paid the second half of the real property taxes and wrote a letter simultaneously therewith to the Maricopa County Assessor. The taxpayer, by its own mistake and inadvertence, included in its personal property return certain items of property that were valued as part of its real property. It paid both the personal property and real property taxes voluntarily and not under duress, and without protest as to the personal property tax and the first half of the real property tax.

The trial court concluded that the taxpayer's letter to the assessor constituted a sufficient "protest" so as to satisfy the

condition precedent to an action to recover taxes, i. e., involuntary payment under protest. State Tax Commission v. Superior Court, 104 Ariz. 166, 450 P.2d 103 (1969).

Generally speaking, an assessment of real estate may and should include fixtures, structures, and improvements on the realty. 84 C.J.S. Taxation § 404(c). The taxpayer's pleading alleged that the value of its personal property, as listed on its 1968 personal property tax return, was overstated for the reason that certain items listed were not personal property but part of real property for which it had paid real property taxes. The lower court apparently concluded that the principles enunciated in Maricopa County v. Leppla, 89 Ariz. 220, 360 P.2d 227 (1961) were controlling. In *Leppla*, the Arizona Supreme Court held that the taxpayer was entitled to recover where a double payment of the same tax was made. The court relied on § 19 of the Restatement of the Law on Restitution:

"A person who has paid money to another because of an erroneous belief induced by a mistake of fact that he was thereby performing in whole or in part a duty to the payee, other than a contract duty, is entitled to restitution of the amount so paid if such duty did not exist."

The court distinguished the situation in *Leppla* from that in Maricopa County v. Arizona Citrus Land Co., 55 Ariz. 234, 100 P.2d 587 (1940) wherein it was held that taxes voluntarily paid without protest and not under duress cannot be recovered by the taxpayer, even though paid by mistake, if the mistake is the taxpayer's and is due to his own negligence, stating:

"This is not a case where a tax obligation actually *existed* after the original payment by the taxpayer had been made. The second payment was purely gratuitous and constituted a receipt by the tax authority of money which it had not anticipated in any manner whatsoever, and for which there existed no obligation. Under no theory, of mistake or other-

wise, was the taxpayer or its agent required to satisfy a non-existent obligation. Under these circumstances, we are of the opinion that the reason for denying a taxpayer the right to recover taxes paid under a mistake of fact which he might have ascertained and called to the attention of the taxing authority before payment, does not exist, . . ." 89 Ariz. at 223, 360 P.2d at 229.

We are of the opinion that a debatable issue is present in this appeal, i. e., whether or not, as contended by appellants, the rationale of the *Arizona Citrus Land Co.* case is applicable here. Therefore appellee's failure to defend the judgment in its favor requires application of the "confession of error" rule.

Judgment reversed with directions to dismiss the complaint.

KRUCKER and HOWARD, JJ., concur.
NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).