[Civil No. 4492.   Filed February 8, 1943.]

[133 Pac. (2d) 1013.]

BEN F. NELSSEN, Appellant, v. ELECTRICAL DISTRICT No. 4, of Pinal County, Arizona; S. C. MILLIGAN, A. G. HAUSER, CARL SUMMERFELD, W. A. THOMASSON, JACK PRETZER, JR., and J. W. SAWTELLE, Constituting the Board of Directors of Electrical District No. 4, of Pinal County, Arizona; THE COUNTY OF PINAL, a Political Subdivision of the State of Arizona; ETHEL GRIFFIN, as County Treasurer of Pinal County, State of Arizona; E. THURMAN, J. W. SPRAY and W. C. SMITH, Constituting the Board of Supervisors of Pinal County, State of Arizona; and THE STATE OF ARIZONA, Appellees.

Mr. M. C. Burk, for Appellant.

Mr. W. C. Truman, and Mr. Ronald J. Ellis, for Appellees, County Treasurer and Board of Supervisors.

Mr. A. Van Wagenen, Jr., Associate Counsel, for Appellee District and Mr. Robert Denton, for Appellee District.

Messrs. Moore, Romley & Roca, *Amici Curiae,* on Motion for Rehearing.

ROSS, J.—Appellant in his motion for rehearing urges that since our holding is to the effect that the electrical district tax was levied and asssessed against his land without authority of law, the decision requiring him to pay such tax as a condition to his right to question its legality is erroneous and should not be permitted to stand.

We do not undertake to restate the reasons why appellant's lands were not subject to the electrical district taxes. The able and well-reasoned opinion of the Chief Justice who wrote it very convincingly shows that appellant's premises were not legally within the district, which was necessary for the tax to be legal. Under the court's decision, appellant's land never be-

came a legal part of Electrical District No. 4 for the reason that neither the United States laws nor the state's laws were observed so as to accomplish that purpose. There was never any authority or power in the district to levy or assess a tax on such property. The provisions of section 73–841, Arizona Code 1939, requiring one to first pay a tax to entitle him to test its validity, means "a tax . . . imposed under any law relating to taxation."

■■ Our attention has not been called to any law requiring a landowner of said district to pay a tax on land therein that has never been legally included in the district. For this reason we do not think it was necessary for appellant to pay such unlawful claim for taxes before he could defend against it. The asserted right by the district's officers to impose the tax on all such land is not based on any law but is wholly unauthorized by any law. While the language of section 73–841 is very broad and comprehensive, it cannot well be construed as requiring a property owner to pay a claim for taxes, when there is no semblance of authority for its imposition, before he may defend against it.

The judgment should be modified to show that appellant's land is not a part of Electrical District No. 4 and is not subject to the asserted lien or any assessment for the payment of any debt or liability of said district. As thus modified, the decision is adhered to.

McALISTER, C. J., and STANFORD, J., concur.