[Civil No. 4649.   Filed February 24, 1945.]

[156 Pac. (2d) 722.]

THE SANTA FE TRAIL TRANSPORTATION COMPANY, a Corporation; PACIFIC GREY-HOUND LINES, a Corporation; PACIFIC FREIGHT LINES, a Corporation; WESTERN TRUCK LINES, LTD., a Corporation; BEKINS VAN LINES CO., a Corporation; G. F. D. LINES, INC., a Corporation; NAVAJO FREIGHT LINES, INC., a Corporation; CANTLAY & TANZOLA, INC., a Corporation; BURLINGTON TRANSPORTATION COMPANY, a Corporation; ALL AMERICAN BUS LINES, INC., a Corporation; SYSTEM FREIGHT SERVICE, a Corporation; B. W. BELYEA, Doing Business as BELYEA TRUCK CO.; and LANG TRANS-PORTATION CORPORATION, a Corporation, Appellants, v. TOM BOWLES, as County Assessor of Maricopa County, State of Arizona, and *Ex-officio* Agent of the Motor Vehicle Division of the Highway Department of the State of Arizona; M. A. GOODWIN, as Superintendent of the Motor Vehicle Division of the Highway Department of the State of Arizona; and HORACE MOORE, as Superintendent of the Highway Patrol Division of the Highway Department of the State of Arizona, Appellees.

Messrs. Jennings & Salmon, Messrs. Beer & Christy, and Mr. Hess Seaman, for Appellants.

Mr. Joe Conway, Attorney General, and Mr. A. R. Lynch, Assistant Attorney General, for Appellees Goodwin and Moore; Mr. James A. Walsh, County Attorney, and Mr. Louis B. Whitney, Deputy County Attorney, for Appellee Bowles.

HALL, Superior Judge.—The Santa Fe Trail Transportation Company, a corporation, and others, seek to enjoin and restrain the Maricopa County Assessor and certain state officers from enforcing the collection of a tax imposed by Section 11, Article 9, of the Constitution of Arizona, as amended by the vote of the people of Arizona at the general election held in November, 1940.

The Article as amended, so far as material herein, reads:

"Beginning January 1, 1941, a license tax is hereby imposed on vehicles registered for operation upon the highways in Arizona, which license tax shall be in lieu of all *ad valorem* property taxes on any vehicle subject to such license tax. Such license tax shall be collected annually by the registering officer at the time of application for and before registration of the vehicle each year . . . ."

The defendants filed their motion to dismiss the complaint on the ground that the plaintiffs have an

adequate remedy at law under Section 73–841, Arizona Code Annotated 1939, which so far as material reads:

" . . : No person upon whom a tax has been imposed under any law relating to taxation shall be permitted to test the validity thereof, either as plaintiff or defendant, unless such tax shall first have been paid to the proper county treasurer, together with all penalties thereon. No injunction shall ever issue in any action or proceeding in any court against this state, or against any county, municipality, or officer thereof, to prevent or enjoin the collection of any tax levied. . . . "

Other grounds were stated in the motion which we do not deem necessary to consider herein.

The lower court made an order granting the motion to dismiss, entered its judgment that plaintiffs take nothing by their action, and dissolved the temporary restraining order theretofore entered; from which judgment this appeal is taken.

We have just held in the case of *Lebeck* v. *State et al.,* 156 Pac. (2d) 720, that the tax imposed under said amendment is in the nature of an *ad valorem* tax.

If this be true, is injunction the proper remedy or do plaintiffs have an adequate remedy at law?

The plaintiffs contend that even though the tax may be in the nature of an *ad valorem* tax, nevertheless, there is no semblance of authority for the imposition of it, and, therefore, injunction is the proper remedy, and cite in support of such contention *Nelssen* v. *Electrical District No. 4 of Pinal County et al.,* 60 Ariz. 145, 132 Pac. (2d) 632, on re-hearing, 60 Ariz. 175, 133 Pac. (2d) 1013.

If there is no semblance of authority for the imposition of the tax, then injunction will lie. If there is some semblance of authority for the imposition of such tax plaintiff's remedy is to pay the tax under protest, then test its validity by suing for recovery of the amount so paid under said Section 73–841.

In the Nelssen case, *supra,* the plaintiff Electrical District No. 4, attempted to collect an *ad valorem* tax on certain real property that was not legally included in the district. There never was any authority or power in the district to levy or assess a tax on such real property.

On the re-hearing in said case our court said:

"Our attention has not been called to any law requiring a landowner of said district to pay a tax on land therein that has never been legally included in the district. . . . The asserted right by the district's officers to impose the tax on all such land is not based on any law but is wholly unauthorized by any law. While the language of section 73–841 is very broad and comprehensive, it cannot well be construed as requiring a property owner to pay a claim for taxes, when there is no semblance of authority for its imposition, before he may defend against it."

There might be some basis for plaintiffs' contention if the tax sought to be collected were not based on any law or if there were no semblance of authority for its imposition. In the case at bar the asserted right to collect the tax is based on an amendment to the Constitution of Arizona.

To hold that injunction is the proper remedy here would be equivalent to saying that injunction would lie in all cases where the tax is illegally imposed. We do not believe that this is the intent of said Section 73–841. The remedy afforded the plaintiffs under this section is an adequate remedy at law. *Valley National Bank* v. *Apache County,* 57 Ariz. 459, 114 Pac. (2d) 883; *Powell* v. *Gleason,* 50 Ariz. 542, 74 Pac. (2d) 47.

This conclusion is also borne out as measured by the decisions of the United States Supreme Court. *Matthews* v. *Rodgers,* 284 U. S. 521, 52 Sup. Ct. 217, 76 L. Ed. 447; *McMillen* v. *Anderson,* 95 U. S. 37, 24 L. Ed. 335.

We believe the lower court was eminently correct in granting the defendants' motion to dismiss.

The judgment of the lower court is affirmed.

STANFORD, C. J., and MORGAN, J., concur.

NOTE: Due to Judge LaPRADE having disqualified himself, Honorable Wm. G. HALL of the Superior Court of Pima County was called to sit in his stead.