**236 P.2d 743**

**SMOTKIN** et al. v. **PETERSON** et al.

No. 5370.

Supreme Court of Arizona.

Oct. 15, 1951.

James Elliott Dunseath, of Tucson, James E. Flynn, of Phoenix, for appellants.

Fred O. Wilson, Atty. Gen., Richard C. Briney, Asst. Atty. Gen., for appellees.

PHELPS, Justice.

This is an appeal from a declaratory judgment of the superior .court of Pima County.

The facts are that during the year 1949 the Arizona State Tax Commission, hereinafter called the commission, sought to

collect a sales tax from appellants under the provisions of the Arizona Excise Revenue Act of 1935, A.C.A.1939, § 73–1301 et seq., for the privilege of engaging in business as contractors in Pima County, Arizona.

The commission made demand upon appellants to pay to it the $1 license fee and to file their returns as prescribed by the Act which appellants refused to do. The commission then requested that appellants make available to it or permit its agent to examine the books, records, and papers for the purpose of ascertaining the amount of taxes due under the law. The latter request was also refused. Thereafter the commission issued and served summons upon appellants to appear before it on a day certain for a hearing on the matter, which were also ignored.

The commission then filed this action in the Pima County superior court and in its complaint alleged that appellants were engaged in business in that county as contractors, setting forth the above demands and refusals and asked for a declaratory judgment declaring the rights, duties, status and legal relationships of the commission and the appellants in the premises and that appellants be required to pay the license fee of $1 and to exhibit all of their books, records and data to the commission for the purpose of enabling it to obtain facts upon which to base the assessment of the tax provided by the Act to be paid.

Appellants, in their answer, attempted to meet the issues by denying that they were engaged in the contracting business and affirmatively alleging that they were engaged in the business of selling real estate and that they were therefore not subject to the payment of the tax sought to be collected. They admitted their refusal to pay the license fee of $1 or the sales tax prescribed by the Revenue Act and that they refused to permit an examination by the commission of their books and records.

The trial court granted a motion of the commission for a summary judgment and entered judgment thereon, the material parts of which read as follows:

"Now, therefore, it is ordered, adjudged and decreed by the Court that the law as it relates to the rights, duties, status and legal relations of the parties to this action in the premises under the Excise Revenue Act of 1935 and the same are hereby declared and adjudged as follows:

"That the provisions of the Excise Revenue Act of 1935, and in particular Sections 73–1303(h), 73–1312, 73–1314, 73–1316, 73–1318, and 73–1326, ACA1939, require the defendants to secure a privilege license in accordance with the provisions of the said Section 73–1312, and exhibit all of their books, records and data to the Arizona State Tax Commission or its duly appointed agents for examination in accordance with the provisions of the said Section 73–1316 and 73–1326 for the purpose of enabling said Arizona State Tax Commission to ob-

tain facts and information upon which to base the assessment of the tax prescribed in the said Section, 73–1303(h), which tax must be paid together with appropriate penalties thereon pursuant to law.

"It is further ordered, adjudged and decreed by the Court that the defendants herein be and they are hereby commanded to comply immediately with the declaratory judgment herein rendered."

■ Appellants present five assignments of error for our consideration but having failed to discuss the last three thereof they will be deemed to have been abandoned. We will therefore confine our discussion to the one question raised in the first two assignments of error: Did the trial court commit reversible error in granting the motion of the commission for summary judgment? If at the time the motion was granted, there existed a genuine issue as to any material fact, it was reversible error for the court to grant a motion for summary judgment. Under such circumstances summary judgment must be withheld until proof can be made on the controverted issue of fact. Cress v. Switzer, 61 Ariz. 405, 150 P.2d 86; Brown v. Navarre, 64 Ariz. 262, 169 P.2d 85.

Did the pleadings present the issue of a genuine material fact? Counsel for appellant contends that the question of whether appellants were in fact engaged in the business of contractors was a material fact which had to be determined by the court before it could render judgment. We can-not agree with this contention. Section 73–1303 of the Act designated and classified the various businesses subject to such tax and fixed the rate and method of determining the amount on which the tax must be computed and expressly charged the commission with the mandatory duty **of** assessing and collecting such tax.

Such an authority and duty carries with it the power to determine into what class any business falls. Until the commission first determines this question it cannot know what tax rate to apply to the business done by the taxpayer. It would be unreasonable to say that the commission must first obtain the judgment of a court establishing the classification into which a taxpayer falls before it can proceed to collect the tax imposed by law upon him. If this were the law any taxpayer could delay the payment of his taxes almost indefinitely by denying that he belonged to the classification in which he had been placed by the commission. This would be true, however absurd his denial may be and even if made in bad faith.

■ In Washington Nat. Bank. v. Daily, 166 Ind. 631, 77 N.E. 53, 55, cited by appellee, the court said: " * * * it is well to bear in mind that it is agreed on all hands that the power to tax is an attribute of sovereignty, a prerogative of the state that is indispensably necessary, not only to the public welfare, but to the maintenance of the government, and therefore yields to no limitation and no restriction

by courts beyond what the people themselves have set up in the fundamental law. * * *" Public officials must not be hampered in the exercise of these powers of sovereignty so essential to the stability of state government.

We believe this court has definitely settled the question in the cases of Santa Fe Trail Transp. Co. v. Bowles, 62 Ariz. 177, 156 P.2d 722; Nelssen v. Electrical District No. 4 of Pinal County, 60 Ariz. 175, 133 P.2d 1013; and in State ex rel. Lane v. Superior Court in and for Maricopa County, 72 Ariz. 388, 236 P.2d 461, 463, in which we held: "If there is no semblance of authority for the imposition of the tax, then injunction will lie. If there is some semblance of authority for the imposition of such tax, plaintiff's remedy is to pay the tax under protest, then test its validity by suing for recovery of the amount so paid under said section 73-841."

It is true no injunction is involved in the instant case but the court has clearly stated in those cases that where a taxing official has a semblance of authority to collect the tax, the remedy is to pay the tax under protest and sue for its recovery. We hold that it is prima facie the right of the commission to determine whether a taxpayer falls within a particular classification. The commission, having determined that appellants were engaged in business as contractors, there was unquestionably a semblance of authority to assess and collect the tax provided by law. Section 73-1318 of the Excise Revenue Act expressly provides that in cases such as this the taxpayer shall pay the tax under protest and sue for its recovery. This remedy is exclusive.

If the taxpayer desires to question the classification in which he has been placed by the commission or to raise any other question involving the validity of the tax he may do so in his action for the recovery of the taxes paid. This furnishes him an adequate remedy at law and does not violate the due process clause of either the state or federal constitution. This being true, the trial court properly granted appellee's motion for summary judgment.

An examination of the judgment in this case, however, if literally construed, convinces us that it goes beyond the scope of the pleadings and the relief sought in the prayer of the complaint.

The prayer of the complaint which conforms with the pleadings is that appellants be required to secure a privilege license; to submit their books, records, etc., to the commission for examination for the purpose of making an assessment of the tax imposed by law and upon such assessment being made, that appellants be required to pay the tax according to law which, of course, must be interpreted as requiring such tax to be paid under protest according to the provisions of section 73-1318, supra. Literally construed the judgment as entered may reasonably be interpreted as determining the issue of whether

**6**

appellants are in fact contractors which as above stated can only become an issue in the action by appellants for the recovery of taxes paid under protest.

We construe the provisions of sections 73–1303(h), 73–1312, 73–1314, 73–1316, 73–1318 and 73–1326, A.C.A.1939, being a part of the Excise Revenue Act of 1935, insofar as they are here material, to require that after the commission has made a prima facie finding that any person falls within a particular classification and requests payment of the tax imposed therein, it then becomes the duty of such person to secure a privilege license and, upon request of the commission, to exhibit all of his books, records and data to it or its duly appointed agents for examination for the purpose of enabling the commission to obtain facts and information upon which to base the assessment of the tax prescribed in section 73–1303(h), supra.

Upon such assessment being made it then becomes the duty of the taxpayer to pay the tax. If he is aggrieved for any reason he must, nevertheless, pay the tax under protest and file an action for recovery of such tax setting forth the ground therefor, which in this case is that appellants are not contractors and therefore not subject to the payment of a sales tax.

Under the provisions of section 21–1832, supra, this court is vested with authority to " * * * Render such judgment * * * [as the trial court] should have rendered or * * * remand the cause to the court below with directions to render such judgment * * *."

We therefore direct that this cause be remanded with directions to the trial court to render judgment against appellants in accordance with the principles hereinabove set forth, expressly finding that the commission has made a prima facie finding that appellants are engaged in business as contractors, and ordering and decreeing that they shall pay the license fee of $1 and submit their books, records, papers and other data to the commission for its examination for the purpose of making an assessment for the tax imposed under the Excise Revenue Act.

Judgment set aside and cause remanded with instructions to render judgment in accordance with the principles hereinabove set forth.

UDALL, C. J., and STANFORD, DE CONCINI and LA PRADE, JJ., concur.