450 P.2d 103

**STATE TAX COMMISSION of Arizona, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF MARICOPA and Charles L. Hardy, Judge thereof; Air West, Inc., a corporation; American Airlines, Inc., a corporation; Continental Airlines, Inc., a corporation; Frontier Airlines, Inc., a corporation; Trans World Airlines, Inc., a corporation; Western Airlines, Inc., a corporation; ACF Industries, Inc., a corporation; SHPX First Corporation, a corporation; SHPX Second Corporation, a corporation; and Union Tank Car Company, a corporation, real parties therein, Respondents.**

No. 9499.

Supreme Court of Arizona.

In Banc.

Feb. 6, 1969.

Gary K. Nelson, Atty. Gen., by James D. Winter, Asst. Atty. Gen., Phoenix, for petitioner.

Snell & Wilmer, by Edward Jacobson and Burr Sutter, Phoenix, for respondents.

HAYS, Justice.

The petitioner, State Tax Commission of Arizona, applied for a Writ of Prohibition to prohibit the Superior Court of the State of Arizona, Charles L. Hardy, Judge thereof, from proceeding further on the application for injunction which had been filed by the plaintiffs in the court below. The respondents who are the real parties in interest have filed complaints which seek to determine the legality of Arizona's property tax classification system as it applies to them.

Basically, the two types of property involved are airlines and tank cars. There are specific sections of the statute providing for the taxing of these two different types of operations. Sections 42–701 et seq. of A.R.S. applies to airline companies and sets forth the manner of classification, imposition of the tax, deadlines, method of payment and so forth. Sections 42–741 et seq. A.R.S. applies to private car companies and sets up the method of taxation with regard to them. For the purpose of this proceeding the differences between the two operations in the method of classification and taxation are not important.

The main point to be considered is the fact that taxes which are assessed against both the airlines and the tank car companies are to be paid to the Tax Commission. Sec. 42–705 A.R.S. provides that the commission shall on or before the third Monday in December proceed to collect the taxes as against the airlines and pay them into the general fund of the state. Section 42–747 which applies to the private car companies indicates that if the tax is not paid within 60 days after the third Monday in December the commission shall distrain sufficient goods and chattels of the company found within the state to pay the tax.

Nowhere in the statutes applying to these two classes of property do we find any procedures set up wherein the taxpayer can question either the amount of the tax or the legality of the tax itself. With regard to taxing of the various utilities; mines, railroad companies and the like, the property is initially valued by the Department of Property Valuation, but the valuations are then transmitted to the several county boards of supervisors, and appeal procedures are provided. Our two subject categories however do not have this provision and they deal exclusively with the Tax Commission. The crux of the matter seems to lie in the fact that the sections dealing with appeal procedures refer to the payment of the tax to the county treasurer as a prerequisite to the bringing of an action to recover any tax illegally collected.

The respondents in their complaints below have contended that the classification system, as applied to them, distributes unequally the ad valorem tax burden in violation of the 14th Amendment of the United States Constitution, and Article 2, Secs. 4 and 13 of the Arizona Constitution, A.R.S., and that also the classification system is contrary to Art. 9, Section 1 of the Arizona Constitution. They contend that they are being denied due process because no hearing or appeal procedure has been set up for them to protest the valuation of their property, the method of assessment, or to attack the validity of the tax itself. They further contend that the imposition of this tax is a burden on interstate commerce in violation of Article I, Section 8, Clause 3 of the United States Constitution. The complaint below seeks an injunction against the collection of the tax and further seeks a declaratory judgment as to the validity of the assessment and the tax.

In the case of Nelssen v. Electrical District, in 60 Ariz. 145, 132 P.2d 632 (1942), rehearing in 60 Ariz. 175, 133 P.2d 1013 (1943), we stated that where an electrical district attempted to assess and tax a land area which was not a part of the electrical district, an injunction would lie. The court there indicated that when there is no sem-

blance of authority for the imposition of a tax the injunctive relief would be permitted. In Santa Fe Trail Transportation v. Bowles, 62 Ariz. 177, 156 P.2d 722 (1945), we reiterated this rule. If there is some semblance of authority for the imposition of such tax, plaintiff's remedy is to pay the tax under protest, then test its validity by suing for the recovery of the amount so paid under Section 74–841, ACA (1939). This is the same section as 42–204 in A.R.S. In State ex rel. Lane v. Superior Court, 72 Ariz. 388, 236 P.2d 461 (1951), we quoted from *Bowles,* supra, that:

"If there is no semblance of authority for the imposition of the tax, then injunction will lie. If there is some semblance of authority for the imposition of such tax, plaintiff's remedy is to pay the tax under protest, then test its validity by suing for recovery of the amount so paid under said Section 73–841."

The case of Smotkin et al. v. Peterson et al., 73 Ariz. 1, 236 P.2d 743 (1951), involved the collection of the privilege license tax. The court said that after the assessment was made it was the duty of the taxpayer to pay the tax and if he is aggrieved for any reason; for instance, if he does not fall in a category subject to the tax, he must then file an action for recovery of the tax. It is to be noted that under this section there is an appeal procedure provided by statute. The provisions of 73–1318 of the Arizona Code annotated (1939), provided that a suit may be filed for recovery of taxes illegally collected under that particular act. In the case of McCluskey v. Sparks, 80 Ariz. 15, 291 P.2d 791 (1955), taxpayers sued to enjoin the tax assessor and members of the County Board of Equalization from extending tax-payers property on the tax roll. There was an allegation that there was deliberate and systematic undervaluation of taxpayers property at figures greatly in excess of the undervaluation of like properties in the county. We held that when the issue to be tried is discrimination calling for proof of systematic and intentional disproportionate undervaluation, the appeal remedy provided

by Statute is no remedy at all for the reason that the issues concerning such discrimination could not be tried and decided under the appeal remedy, and that therefore since there was no adequate legal remedy the injunction would lie.

■ It is the contention of the petitioner that there is an adequate legal remedy provided for respondents, herein. Reference is made to A.R.S. Sec. 42–204, subsec. A. It is to be noted that in this section there is a requirement that payment of the tax be made under protest to the County Treasurer. The Statute providing for the taxation of the respondents requires payment to the Tax Commission. Petitioner urges us to change the Statute to read "public official" rather than "county treasurer." We decline the invitation to engage in a legislative function.

The next question for our consideration is whether an action can be brought without express provision therefor in the taxing Statutes. In Maricopa County v. Arizona Citrus Land Co., 55 Ariz. 234, 100 P.2d 587 (1940), this court said:

"It is agreed by both parties that the general rule of common law is, and always has been, that taxes voluntarily paid without protest, and not under duress, cannot be recovered by a taxpayer."

Later, in Southern Pacific Company v. Cochise County, 92 Ariz. 395 at 406, 377 P.2d 770, 778 (1963) we said:

"The rule at the common law was that taxes voluntarily paid could not be recovered." [Citing Maricopa County v. Arizona Citrus Land Company, Supra.]

In the present case the Statutes themselves (A.R.S. 42–747 and 42–705) direct the Tax Commission to distrain the respondents goods and chattels or proceed to collect the taxes on or before the third Monday in December. It is to be noted that the third Monday in December of the year 1968 has passed. In a case involving an unconstitutional taxing Statute it was held that the

payment of the tax was involuntary when induced by force or duress. Sneed v. Shaffer Oil & Refining Company, 35 F.2d 21 (8th Cir. 1929).

A payment of an unconstitutional tax under protest, when made to prevent interference with the conduct of one's business, has been held to be an involuntary payment. See Boyer Bros. v. Board of Commissioners of Routt County, 87 Colo. 275, 288 P. 408 (1930); City of Franklin v. Coleman Bros. Corporation, 152 F.2d 527, 1st Circuit (1945). See generally 48 ALR 1381 at 1391, 74 ALR 1301 at 1304. By citing the foregoing we do not at this juncture in any wise pass on the question of the constitutionality of the taxing statutes involved here.

If the restraint of this litigation is withdrawn there is no doubt that the Tax Commission will follow the dictates of the Statute and distrain tank cars and levy on airplanes. Under these circumstances, we hold that payment of taxes under protest would be involuntary payment.

We hold, in accord with the line of cases previously cited, that when there is no semblance of authority for the imposition of a tax, or the mode of assessment produces discriminatory inequality on the same class of property, an injunction will lie.

We further hold that where taxes appear to have been imposed under semblance of authority and adequate remedies have been delineated in the taxing Statutes, the taxpayer must pursue such remedies to secure relief.

Although heretofore there has been no clear expression of our view as to the existence of a common law right to sue for taxes illegally and unconstitutionally exacted, we hold that such right does exist in the absence of any statutory remedy or relief. Involuntary payment of taxes under protest is a condition precedent to the bringing of an action to recover such taxes.

The Writ of Prohibition is made permanent.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and McFARLAND, JJ., concur.