NIEMEYER, APPELLANT, *v.* COLLINS, TAX COMMR., APPELLEE.

[Cite as Niemeyer v. Collins (1976), 45 Ohio St. 2d 63.]

(No. 75-685—Decided January 28, 1976.)

*Messrs. Fontana, Ward, Kaps & Perry, Mr. Charles Kaps* and *Mr. David S. Bloomfield,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Ronald B. Noga,* for appellee.

*Per Curiam.* The pivotal issue herein is whether R. C. 5743.082 may constitutionally deprive an assessee of his right to appeal from an assessment of the Tax Commis-

64

sioner prior to payment of the tax, if the assessee fails to comply with that statute's terms.[1]

This court finds the case of *Pre-Fab Transit Co.* v. *Bowers* (1964), 176 Ohio St. 163, dispositive of the issue herein. The *Pre-Fab Transit* case, analogous to the case at bar, involved a highway-use tax assessment against a nonresident. The assessee therein filed a petition for reassessment but did not, at the time of filing or thereafter, post the required bond (R. C. 5728.10). This court affirmed the position of the Board of Tax Appeals that the Tax Commissioner had no jurisdiction to act on the petition for reassessment. The court, at page 164, held:

"Since a statute providing for the payment of a tax as a condition precedent to testing its correctness and validity does not violate the due process provision of the Constitution * * * [citations omitted] clearly, a statute requiring the furnishing of a bond to assure the payment of the amount ultimately found to be due, as a condition precedent to contesting the assessment, is not violative of the due process clauses of the state and federal Constitutions." See, also, *Phillips* v. *Commissioner* (1931), 283 U. S. 589; *Bull* v. *United States* (1935), 295 U. S. 247; *Cohen* v. *United States* (1962), 297 F. 2d 760, 774.

As the Supreme Court of the United States stated in *Bull* v. *United States, supra,* at page 260:

---

[1]R. C. 5743.082 which gives the Tax Commissioner authority to issue the jeopardy assessment herein, and to collect a judgment thereon, contains a proviso, which states:

"* * * provided that if such dealer, within five days from notice of the assessment, furnishes evidence satisfactory to the commission * * * that he is not in default * * * or that he will duly return and pay, or post bond satisfactory to the commissioner * * * then such tax shall not be payable prior to the time and manner otherwise fixed for payment under R. C. 5743.081 * * * and the person assessed *shall be restored to the rights granted him under such section* * * *." (Emphasis added.)

Among the "rights" granted an assessee under R. C. 5743.081 is a hearing and findings on his petition for reassessment and an appeal to the Board of Tax Appeals, assuming the petition and notice of appeal have been properly filed.

". . . "* * * the usual procedure for the recovery of debts is reversed in the field of taxation. Payment precedes defense, and the burden of proof, normally on the claimant, is shifted to the taxpayer. * * * The ordinary defendant stands in judgment only after a hearing. The taxpayer often is afforded his hearing after judgment and after payment, and his only redress for unjust administrative action is the right to claim restitution.'"[2]

Therefore, the decision of the Board of Tax Appeals, being neither unreasonable nor unlawful, is affirmed.

*Decision affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

[2]Appellant herein has not forfeited her right to pay the tax and *then* challenge the assessment by filing for a refund under R. C. 5743.05.