W. T. GRANT COMPANY, APPELLANT, *v.* LINDLEY, TAX COMMR., APPELLEE.

(No. 76-1072—Decided April 13, 1977.)

Messrs. *Dargusch & Hutchins, Mr. Carlton S. Dargusch* and *Mr. Shelby V. Hutchins,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Edward A. Motto,* for appellee.

*Per Curiam.* R. C. 5733.11 provides, in pertinent part,. that "[u]nless the corporation assessed, to whom such. notice of assessment is directed, files within thirty days after service thereof * * * an application for review and correction in writing * * * setting forth with particu-- larity the items of said assessment objected to, together with the reasons for such objections, *and makes payment of the full amount of the assessment,* said assessment shall. become conclusive and the amount thereof shall be due and payable from the taxpayer so assessed to the Treasur-- er of State." (Emphasis added.)

Under Ohio case law, a dishonored check constitutes. failure of payment. *Fleig* v. *Sleet* (1885), 43 Ohio St. 53; *Hilsinger* v. *Trickett* (1912), 86 Ohio St. 286. See, also, R.. C. 1303.75.

In addition, this court has previously passed upon the constitutionality of tax statutes requiring prepayment of a tax assessment as a condition precedent to attacking the assessment (*Pre-Fab Transit Co.* v. *Bowers* [1964], 176 Ohio St. 163; *Niemeyer* v. *Collins* [1976], 45 Ohio St. 2d 63), and found such statutes constitutional.

Since taxpayer did not make payment of the assessment within the time prescribed by R. C. 5733.11, it is now precluded from attacking the assessment.

The decision of the Board of Tax Appeals being neither unreasonable nor unlawful is therefore affirmed.

*Decision affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.