802 P.2d 445

**STATE of Arizona, ex rel., ARIZONA DEPARTMENT OF REVENUE, Plaintiff–Appellee,**

v.

**CARE CONSTRUCTION CORP., d/b/a Care Development, (FN), Defendant–Appellant.**

**No. 1 CA–TX 90–001.**

Court of Appeals of Arizona, Division 1, Department T.

Dec. 6, 1990.

Robert K. Corbin, Atty. Gen. by Earle McClean Dornan, Asst. Atty. Gen., Phoenix, for plaintiff-appellee.

Gust, Rosenfeld & Henderson by Fred Cole, Patricia A. Sallen, Phoenix, for defendant-appellant.

## OPINION

GERBER, Judge.

Care Construction Corporation (Care Construction) appeals from summary judgment awarding $255,023.80 to the Arizona Department of Revenue · (Department) based on a "jeopardy assessment" issued against Care Construction pursuant to A.R.S. § 42–120.

Care Construction contends the tax court erred in finding no triable issue of fact about whether collection of the assessment would be jeopardized by delay. Care Construction also urges that the judgment must be reversed because the failure of A.R.S. § 42–122 to set a time limit for a hearing on a contested assessment violates procedural due process. Finally, Care Construction contends that due process was violated because it had no opportunity for a hearing on the merits before judgment was entered in favor of the Department.

## FACTS AND PROCEDURE

Care Construction is an Ohio corporation that began doing business in Arizona in 1984. On August 10, 1985, Care Construction's authority to do business in Arizona was revoked for failure to file an annual report with the Corporation Commission. Nonetheless it continued to do business in Arizona through mid–1987. Care Construction filed no transaction privilege tax reports with the Department. Following an audit by the Department, Care Construction was assessed transaction privilege taxes, penalties and interest totalling $233,064.73.

Care Construction received notice of the assessment on October 13, 1987. Initially it had until November 27, 1987, to file a petition with the Department for a hearing, correction or redetermination of the assess-

ment. In response to successive requests by Care Construction, the Department eventually extended the deadline to January 27, 1988.

On January 12, 1988, Revenue Enforcement Officer Charles Graham sent Field Enforcement Administrator Frank Medina an internal memorandum that stated the assessment should be treated as in jeopardy.

On the same date, the Department mailed Care Construction a "Notice of Jeopardy Assessment." Care Construction neither posted a bond or other security nor separately appealed the jeopardy assessment.

On January 27, 1988, Care Construction delivered to the Department a petition for a hearing, correction and redetermination of the original assessment requesting "an informal hearing ... prior to a formal hearing." [1] Thereafter, the Department brought suit in the tax court to reduce its jeopardy assessment to judgment. The Department moved for summary judgment which the tax court granted.

Although the tax court found the Department's failure to set a hearing on the original assessment "most egregious," it rejected Care Construction's contention that A.R.S. § 42–122 violated due process standards by failing to provide for a hearing within a specified period of time. The tax court found the circumstances of Care Construction's administrative appeal to the Department immaterial to whether the Department was entitled to judgment on its jeopardy assessment. The court noted that Care Construction failed to stay collection of the jeopardy assessment by filing a bond or other security pursuant to A.R.S. § 42–120(B).

The tax court found no fact issue about whether collection of the assessment would be jeopardized by delay. The tax court denied Care Construction's motion for new trial and entered a formal judgment corresponding to its rulings. Care Construction

1. Almost a year later, the Department wrote to · Care Construction noting that "we have been unsuccessful in setting a date to hold an informal conference" and asking what it wished to

do to resolve the matter. In response, Care Construction requested a formal hearing be held.

timely appealed. We have jurisdiction pursuant to A.R.S. § 12–2101(B) and (F)(1).

## DID THE RECORD BEFORE THE TAX COURT REVEAL A MATERIAL ISSUE OF FACT CONCERNING WHETHER COLLECTION OF THE ASSESSMENT WOULD BE JEOPARDIZED BY DELAY?

Care Construction contends the tax court erred in granting summary judgment on the jeopardy assessment because of a triable issue of fact about whether collection of the assessment would be jeopardized by delay. We disagree.

A.R.S. § 42–120(D)(1) provides:

In any proceeding brought to enforce payment of taxes made due and payable by this section:

(1) The belief of the department under subsection A of this section, whether or not made after notice to the taxpayer, is for all purposes presumptive evidence that the assessment or collection of the tax or the deficiency was in jeopardy.

In support of its motion for summary judgment, the Department demonstrated that it issued the notice of jeopardy assessment because it had reason to believe collection of the assessment would be jeopardized by delay. The Department also submitted a copy of an internal memorandum indicating its understanding that Care Construction owned no real property or motor vehicles in Arizona, was not registered with the Arizona Corporation Commission, and had done business in Arizona from 1984 until 1987 without a sales tax license.

In its Response to Motion for Summary Judgment, Care Construction made the following assertion:

ADR's own records establish that factual questions exist as to the issuance of the jeopardy assessment. An ADR examiner working on the Care Construction case indicates in notes dated January 12, 1988, that the ADR investigation had failed to yield grounds to authorize the issuance of a jeopardy assessment. These notes, provided by ADR to Care Construction in discovery, create a question of fact pertaining to the jeopardy assessment, which precludes summary judgment at this time.

Care Construction presented no evidence addressing whether collection of the Department's assessment was in jeopardy. The tax court found nothing in the record that raised a fact issue about whether collection of the tax would be jeopardized by delay.

With its motion for new trial, Care Construction submitted a copy of handwritten notes that stated in part: "1/12/88. Talked to Charlie Graham + Anibal @ 11:20 —Charlie said he did not find grounds to authorize the issuance of a jeopardy assessment." Care Construction argued to the tax court that this handwritten note raised a genuine issue of material fact on the jeopardy issue. In denying Care Construction's motion for new trial, the tax court found its unsupported opinion insufficient to overcome the presumption that the Department's determination of jeopardy was correct.

We agree with the tax court. The notes Care Construction submitted with its motion for new trial do not appear to be newly discovered evidence. Nor do they give rise to a triable issue of fact. Under A.R.S. § 42–120 the true operative issue was whether, at the time of the jeopardy assessment, collection of the assessment was believed to be in jeopardy. The Department presented evidence supporting its conclusion that collection was in jeopardy. It thereby raised the presumption in its favor provided by A.R.S. § 42–120(D)(1).

To counter this evidence, Care Construction presented only the declaration attributed to Graham that "he did not find grounds to authorize the issuance of a jeopardy assessment." Graham's declaration, even if accurate, constituted at best an opinion that collection of the assessment was not in jeopardy. A mere opinion about an ultimate fact is insufficient to raise a genuine issue of material fact. *Elerick v. Rocklin*, 102 Ariz. 78, 425 P.2d 103 (1967). Care Construction offered no evidence that Graham, an enforcement officer under the Director, had authority to speak for the

Department. Graham's declaration was thus legally insufficient as evidence of what the "Department" believed. Furthermore, Graham's memorandum of January 12, 1988 contradicts the view attributed to him by Care Construction.

Care Construction did not present sufficient evidence to rebut the statutory presumption raised by the Department that collection of the assessment was in jeopardy.

## DID THE ENTRY OF JUDGMENT ON THE JEOPARDY ASSESSMENT VIOLATE CARE CONSTRUCTION'S RIGHT TO DUE PROCESS OF LAW?

A.R.S. § 42–120 provides in part:

B. Jeopardy assessments are immediately due and payable and the department may immediately begin proceedings for collection. The taxpayer, however, may stay collection and prevent the jeopardy assessment from becoming final by filing within ten days after the date of mailing or delivery of the notice of jeopardy assessment, or within such additional time as the department may allow a bond or other security in such amounts as the department may deem necessary, not exceeding the amount of the assessment including interest and penalties as to which the stay is desired. The taxpayer may then proceed to appeal the assessment as provided in §§ 42–122 and 42–124.

C. If a bond or other security is not filed within the period prescribed by subsection B of this section, the department may treat the assessment as final for purposes of any collection proceedings. The taxpayer nevertheless shall be afforded the appeal rights provided in §§ 42–122 and 42–124. The filing of a petition by the taxpayer under § 42–122, however, shall not stay the department's rights to pursue any collection proceedings.

A taxpayer may petition the Department for a hearing, correction or redetermination of an assessment within 45 days after receiving notice of it or within any additional time the Department allows. A.R.S. § 42–122(A). The Department must consider the petition and grant a hearing if requested. Under A.R.S. § 42–122(C), the Department's ruling on the petition becomes final 30 days after the taxpayer receives notice of the ruling unless the taxpayer appeals to the State Board of Tax Appeals pursuant to A.R.S. § 42–124. To challenge an adverse decision of the Board of Tax Appeals, the taxpayer must pay the disputed amount under protest, and, within 30 days after receiving notice of the board's decision, file an action in the tax court to recover the amount paid. A.R.S. §§ 12–161 *et seq.;* 42–124.

■■■ Care Construction contends that A.R.S. § 42–122 violates the right to procedural due process under U.S. Const.Amend. XIV because it enables the Department to indefinitely delay giving an aggrieved taxpayer a hearing, while at the same time collecting the disputed taxes as a jeopardy assessment pursuant to A.R.S. § 42–120. We reject this contention. A.R.S. § 42–122 does not violate procedural due process. The United States Supreme Court has held that postponement of notice and opportunity for a hearing until after collection of a tax is justified by the government's interest in collecting tax revenue. *See Fuentes v. Shevin,* 407 U.S. 67, 91–92, 92 S.Ct. 1983, 2000, 32 L.Ed.2d 556, 576–77 (1972). Due process is not offended by a statutory requirement that the taxpayer pay the disputed tax in full before testing its validity. *Smotkin v. Peterson,* 73 Ariz. 1, 236 P.2d 743 (1951). As the court stated in *Phillips v. Commissioner of Internal Revenue,* 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289 (1931):

The right of the United States to collect its internal revenue by summary administrative proceedings has long been settled. Where, as here, adequate opportunity is afforded for a later judicial determination of the legal rights, summary proceedings to secure prompt performance of pecuniary obligations to the government have been consistently sustained. [Citations omitted.] Property

rights must yield provisionally to governmental need.

283 U.S. at 595, 51 S.Ct. at 611, 75 L.Ed. at 1296.

■ Consequently, in a tax dispute between a governmental entity and a private party, due process is generally satisfied as long as the taxpayer receives notice and an opportunity to be heard before the tax obligation becomes irrevocably fixed. *State Tax Commission v. Shattuck,* 44 Ariz. 379, 38 P.2d 631 (1934). No violation of due process occurs where the governing statute requires the taxpayer to furnish a bond to assure the payment of the tax ultimately found to be due. *Niemeyer v. Collins,* 45 Ohio St.2d 63, 341 N.E.2d 847 (1976).

■ The impact of the jeopardy assessment and collection system on the taxpayer is similar to that of a statutory scheme requiring prepayment of the tax as a condition precedent to challenging it. The Arizona system, however, is less strict. It permits administrative review without a bond or tax prepayment while the collection process proceeds. The taxpayer has the right to prosecute administrative and judicial appeals on the merits independently of the jeopardy collection. The Department may ultimately be required to refund any "jeopardized" sums it collects. A judgment entered on a jeopardy assessment does not irrevocably fix the taxpayer's tax liability. Generally, therefore, due process does not entitle the taxpayer to notice and an opportunity for a hearing on the underlying tax liability *before* such a judgment is entered. The failure of A.R.S. § 42–122 to specify a time limit within which the Department must hold a hearing on the merits does not by itself invalidate the prehearing entry of such a judgment.

## RIGHT TO A HEARING

We finally address Care Construction's contention that its right to procedural due process was violated because it had no opportunity for a hearing on its underlying tax liability before the Department obtained a judgment against it.

A.R.S. § 42–120 requires a bond to be posted in order to stay collection of a jeopardy assessment prior to a hearing under A.R.S. §§ 42–122 and 42–124. Filing a bond would have given Care Construction the opportunity to have a hearing on the underlying assessment prior to the jeopardy assessment being reduced to judgment. Care Construction did not avail itself of this remedy.

Care Construction claims that under *Commissioner of Internal Revenue v. Shapiro,* 424 U.S. 614, 96 S.Ct. 1062, 47 L.Ed.2d 278 (1976), subjecting it to the jeopardy assessment prior to a hearing on the underlying obligation would cause irreparable harm and therefore violate due process. Due process may have been violated had Care Construction not had the opportunity to stay the collection. Because no bond was sought, there is no indication that Care Construction would have sustained irreparable harm.

■ We agree that the length of time prior to a hearing on the underlying obligation has no bearing on the jeopardy assessment. If Care Construction believed it was being denied a hearing, the appropriate relief would have been a special action to require the Department to hold the hearing.

## CONCLUSION

We find no error in the tax court's findings that no material issue of fact existed regarding the jeopardy assessment or that failure to provide a specific time period for a hearing rendered the tax collection scheme unconstitutional. Care Construction's due process rights were not violated by failure to make an underlying determination of the assessment prior to the judgment or jeopardy assessment.

Care Construction's request for attorneys' fees is denied. The order of the tax court is affirmed.

BROOKS and HAIRE (Retired), JJ., concur.

NOTE: The Honorable LEVI RAY HAIRE, a retired judge of the Court of Appeals, has been authorized to participate in this matter by the Chief Justice of the Arizona Supreme Court, pursuant to Ariz. Const. art. VI, § 3.