OPINION
{¶ 1} Plaintiff-appellant, James Joseph Pengov, Jr., appeals from a judgment of the Franklin County Court of Common Pleas (1) granting the motion to dismiss of defendant-appellee, Ohio Department of Taxation ("department"), and (2) denying plaintiff's motion for summary judgment. Plaintiff assigns a single error:
The Trial Court committed reversible error in determining that Ohio Revised Code Section 5747.13(E) does not offend against either the Due Process right to notice and hearing or the Equal Protection clause found in the 14th Amendment to the United States Constitution and in the Constitution of the State of Ohio, Article 1 Section 2 and Article 1 Section 16, respectively.
Because the trial court properly granted the department's motion to dismiss and denied plaintiff's summary judgment motion, we affirm.
 {¶ 2} On August 16, 2005, plaintiff filed a complaint, and on August 18 an amended complaint, in the Lorain County Common Pleas Court seeking declaratory and injunctive relief against the department. According to the allegations of the amended complaint, the department on May 18, 2005 issued a "Notice of Assessment" against plaintiff, advising him that he owed $8,681 in unpaid taxes, interest and penalties for 1995 and 1996. While plaintiff admitted he did not file tax returns for those years prior to receiving the assessment, plaintiff asserted he does not owe as much as the department claimed, and he thus filed a timely petition for reassessment. Pursuant to R.C. 5747.13, the department refused to consider plaintiff's petition until he paid the unpaid taxes and interest, subject to refund if the reassessment disclosed an error in the department's calculations. Alleging he is unable to pay the assessment, the prerequisite to obtaining a hearing to dispute the amount claimed in the department's notice, plaintiff's complaint sought to have the court declare R.C. 5747.13 unconstitutional and to enjoin the department "from denying" plaintiff a hearing on his petition for reassessment.
 {¶ 3} The Lorain County Common Pleas Court determined that the proper venue of plaintiff's complaint was in Franklin County and transferred the case to the Franklin County Court of Common Pleas. Once the matter was transferred, the department filed a motion to dismiss, and plaintiff filed a motion for summary judgment. Plaintiff's motion asserted R.C. 5747.13(E) is unconstitutional; the department asserted, in its motion to dismiss and in its response to plaintiff's motion for summary judgment, that (1) the trial court lacked jurisdiction to determine the matter because the Attorney General was not served with the complaint, (2) the court lacked personal jurisdiction over the department because it was not properly served, (3) the complaint failed to state a claim upon which relief can be granted, and (4) plaintiff failed to exhaust his administrative remedies.
 {¶ 4} Because the department raises jurisdictional issues, we first address them. Initially, the department contends the trial court lacked jurisdiction because plaintiff, in challenging the constitutionality of R.C. 5747.13, failed to serve the Attorney General as relevant statute requires.
 {¶ 5} R.C. Chapter 2721 governs declaratory judgment actions and specifies who must be notified and given an opportunity to participate in the action. R.C. 2721.12(A) provides that when a party files a declaratory judgment action seeking to have a particular statute declared unconstitutional, the Attorney General shall be served with a copy of the complaint in the action or proceeding in accordance with Civ.R. 4.1 and shall be heard. See Cicco v. Stockmaster (2000), 89 Ohio St.3d 95;Cleveland Bar Assn. v. Picklo, 96 Ohio St.3d 195,2002-Ohio-3995 (limiting the application of Cicco to complaints specifically seeking declaratory judgments). Because service upon the Attorney General is mandatory under R.C. 2721.12, the requirement is jurisdictional in nature. Malloy v. Westlake
(1977), 52 Ohio St.2d 103. Failure to serve the Attorney General with the complaint precludes a court from adjudicating a statute to be constitutional. Id.
 {¶ 6} Although plaintiff did not serve the Attorney General in accordance with Civ.R. 4.1, the trial court properly retained jurisdiction over plaintiff's action. The Ohio Supreme Court has held that the Attorney General is deemed served pursuant to R.C.2721.12 if the Attorney General undertakes representation of a party to the action early in the proceedings. Ohioans For FairRepresentation, Inc. v. Taft (1993), 67 Ohio St.3d 180. The court reasoned that, in those circumstances, the "very apparent" intent of the statute is met: to ensure the Attorney General is informed of attacks on the constitutionality of the law of Ohio early in the proceeding so the Attorney General can properly defend and assert its position. Id.
 {¶ 7} At first blush, the holding in Taft appears at odds with the restrictive language in Cicco that "[a] party who is challenging the constitutionality of a statute must * * * serve the pleading upon the Attorney General in accordance with methods set forth in Civ.R. 4.1 in order to vest a trial court with jurisdiction." Cicco, at syllabus. Cicco, however, distinguished, but did not overrule, Taft. Cicco characterized the Attorney General's participation in Taft as "intimate," observing that because the Attorney General was involved in the case from the complaint stage forward, the intent of R.C. 2721.12
clearly was met. Cicco noted, in contrast, that the party challenging the statute in Cicco did not raise constitutional issues until its motion for summary judgment, leading the court to conclude that mailing to the Attorney General a copy of a summary judgment motion concerning the statute's constitutionality did not satisfy R.C. 2721.12(A). Id.
 {¶ 8} Here, the Attorney General's involvement is very similar to that in Taft, as the Attorney General began to represent the department at the inception of the case. The Attorney General therefore was aware of the constitutional challenge plaintiff asserted as soon as the department received the complaint. In accordance with Taft, the requirements of R.C. 2721.12(A) are deemed met in this case.
 {¶ 9} In its second jurisdictional argument, the department claims that it was not properly served pursuant to Civ.R. 4.2(J) because plaintiff mailed the complaint to the department's general counsel rather than the current tax commissioner or the Attorney General. In the trial court, the department moved to dismiss pursuant to Civ.R. 12(B)(5) for insufficiency of service of process. Because the trial court did not address the department's contentions regarding personal jurisdiction, the record is not developed to the point that we can determine the department was not properly served.
 {¶ 10} The department's jurisdictional contentions do not dispose of plaintiff's complaint. We thus address the dispositive issue: whether R.C. 5747.13(E)(2) is unconstitutional. Upon a taxpayer's filing a petition for reassessment, R.C. 5747.13(E)(2) requires the taxpayer, who has failed to file an annual return, to pay the assessment plus interest before obtaining a hearing to challenge the assessment. Plaintiff argues he cannot pay the assessment, and the denial of a hearing due to his inability to pay is a violation of his due process rights. The trial court concluded R.C. 5747.13(E)(2) is constitutional based on Ohio Supreme Court precedent upholding the constitutionality of comparable tax provisions.
 {¶ 11} Contrary to plaintiff's arguments, R.C. 5747.13(E)(2) is constitutional. Although the Ohio Supreme Court has not addressed the constitutionality of the specific statute plaintiff challenges, courts have upheld the constitutionality of provisions so substantially similar to the one at issue that we cannot ignore the holdings of those superior courts. For example, in W.T. Grant Co. v. Lindley (1977), 50 Ohio St.2d 7, the taxpayer tendered a check to the tax commissioner; the check subsequently was dishonored. Because the dishonored check resulted in failed payment, the commissioner determined the taxpayer's challenge to the assessment could not be considered. The Ohio Supreme Court held R.C. 5733.11 to be constitutional even though the statute required prepayment of a franchise tax assessment as a condition precedent to attacking the assessment. Id.
 {¶ 12} Similarly, in Pre-Fab Transit Co. v. Bowers (1964),176 Ohio St. 163, the Ohio Supreme Court held that a statute requiring a bond, satisfactory to the tax commissioner, to be furnished prior to contesting a highway-use tax assessment did not violate the due process clauses of the Ohio and United States Constitutions. See, also, Niemeyer v. Collins (1976),45 Ohio St.2d 63; Herr v. Tracy (Apr. 28, 1997), Butler App. No. CA96-10-212 (applying Lindley, Niemeyer, and Pre-Fab Transit
to R.C. 5747.13).
 {¶ 13} More recently, the United States Supreme Court inMcKesson Corp. v. Division of Alcoholic Beverages and Tobacco,Dept. of Business Regulation of Fla. (1990), 496 U.S. 18
discussed due process standards relevant to determining the constitutionality of state tax schemes. Although McKesson did not involve the statute at issue in this case, the principles the court discussed provide guidance, as they apply equally to resolving plaintiff's contentions.
 {¶ 14} McKesson reiterated a state's "exceedingly" strong interest in financial stability and fiscal planning. Id. at 37. As the court explained, "[a]llowing taxpayers to litigate their tax liabilities prior to payment might threaten a government's financial security, both by creating unpredictable interim revenue shortfalls against which the State cannot easily prepare, and by making the ultimate collection of validly imposed taxes more difficult." Id. To avoid that result and to "protect government's exceedingly strong interest in financial stability in this context, we have long held that a State may employ various financial sanctions and summary remedies, such as distress sales, in order to encourage taxpayers to make timely payments prior to resolution of any dispute over the validity of the tax assessment." Id.
 {¶ 15} McKesson held that a state satisfies due process requirements either in employing a pre-deprivation process, such as allowing taxpayers to withhold payment prior to determining the validity of the tax, or a post-deprivation process, such as a refund. McKesson, at 50. If a state "penalizes taxpayers for failure to remit their taxes," and requires taxpayers to first pay the taxes "before obtaining review of the tax's validity" or lawfulness, the state simply must provide meaningful post-payment relief. Id. at 18-19, 51.
 {¶ 16} In accordance with McKesson, Ohio constitutionally may require a taxpayer such as plaintiff to pay the assessment prior to obtaining relief and then provide the taxpayer post-deprivation relief in the form of a refund of any overpaid taxes. Ohio's statutory scheme comports with McKesson.
Specifically, R.C. 5747.13(B), in conjunction with R.C.5747.13(E)(1), allows plaintiff to challenge an assessment through a petition for reassessment filed after plaintiff paid the assessment plus interest. Had plaintiff paid the assessment as required, the tax commissioner would have considered plaintiff's petition. If the commissioner determined the assessment to be incorrect, the commissioner is authorized to issue a corrected assessment for the proper amount, cancel the assessment altogether, or afford plaintiff an opportunity for a hearing and make a final determination thereafter. R.C.5703.60(A)(1), (2), and (3). Further, were plaintiff dissatisfied with the commissioner's determination, he would have had the right to appeal to the Board of Tax Appeals. R.C. 5717.02. From the order of the Board of Tax Appeals, plaintiff could have appealed to the Court of Appeals or the Ohio Supreme Court. R.C.5717.04.
 {¶ 17} Plaintiff attempts to support his contentions with cases involving general due process requirements, but due process concerns involving state tax schemes are treated differently. While plaintiff does not agree with such treatment, we must apply the well-established precedent. Requiring plaintiff to pay the tax assessment prior to obtaining a hearing to challenge the validity of the assessment does not violate due process.Lindley; Pre-Fab Transit; Niemeyer, supra. Accordingly, plaintiff's assignment of error is overruled.
 {¶ 18} Because we resolve the appeal in favor of the department, we do not reach the department's additional arguments. Having overruled plaintiff's single assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Brown and Sadler, JJ., concur.