709 P.2d 549

**Patrick A. SHEW and Susan A. Shew, Plaintiffs/Appellants,**

**v.**

**Arnold JEFFERS, Pima County Assessor, and Clarence W. Dupnik, Pima County Sheriff, Defendants/Appellees.**

**No. 2 CA–CIV 5321.**

Court of Appeals of Arizona, Division 2, Department B.

June 20, 1985.

Rehearing Denied Aug. 27, 1985.

Review Denied Nov. 26, 1985.

Patrick A. Shew and Susan A. Shew, in pro. per.

Stephen D. Neely, Pima County Atty. by Raner C. Collins, Tucson, for defendants/appellees.

## OPINION

HATHAWAY, Presiding Judge.

Plaintiffs did not pay their personal property tax which had become delinquent in February 1984, and pursuant to A.R.S. § 42–611 a tax bill was issued to the Pima County sheriff, commanding him to seize and sell so much of plaintiffs' personal property as necessary to pay the tax. Plaintiffs were notified by the sheriff's department that unsecured personal property would be seized and sold if the tax of $116.12 due and owing was not paid. Plaintiffs filed an action in the Pima County Superior Court seeking a temporary restraining order and preliminary injunction (Pima County Superior Court cause No. 215053) to prohibit collection by the sheriff. Upon defendants' motion pursuant to A.R.S. § 42–204, the action was dismissed because the taxes had not been paid.

After dismissal, plaintiffs were again informed that the tax (now $120.50) was due and owing. The tax remained unpaid and on July 17, 1984, Pima County sheriff's deputies entered plaintiffs' place of business and seized items of personal property. Plaintiffs then brought this lawsuit (No. 217949) for $500 damages or the return of the seized property, amending their complaint to pray in addition for compensatory damages in the amount of $24,500, punitives in the amount of $250,000, fees and costs and any other further relief deemed just. Their amended complaint alleged the unconstitutionality of A.R.S. § 42–204, et seq., an illegal search and seizure, improper denial of replevin, and violation of due process rights. Defendant answered with a motion to dismiss, alleging as grounds that plaintiffs failed to state a claim upon which relief could be granted, lack of jurisdiction, res judicata, and a meritless suit. Plaintiffs' opposition to defendant's motion emphasized that cause number 217949 differed from the earlier action in that "they are not seeking injunctive relief but damages due to injuries sustained from the Defendants due to an unconstitutional statute together with other crimes that have been perperated against them by Defend-

ants...." The transcript of the hearing on the motion to dismiss reveals that the Shews complained of a trespass by the sheriff because of an allegedly illegal search and seizure. Specifically, the Shews raised as a question of fact that the sheriff entered without a valid search warrant, not describing beforehand with particularity the items to be seized, and entering only with a notice of seizure and not with a tax bill as required by statute. In response to inquiry by the court, the county attorney stated that his 12(b)(6) motion could be treated as a motion for summary judgment. The county offered no counter-affidavits to the Shews' verified complaint with exhibits. On September 13, 1984, the trial court granted the county's motion to dismiss, from which the Shews appeal. No reason was given by the trial court for its dismissal.

## THE CLAIM OF THE UNCONSTITUTIONALITY OF THE PERSONAL PROPERTY TAX STATUTE

As the county attorney points out, a personal property tax challenge is governed by A.R.S. § 42–204, which provides that no person may test the validity or amount of taxes which have not been paid. That statute and its predecessors have withstood attack by individuals as well as corporations where the taxes were imposed under semblance of authority. *County of Maricopa v. Chatwin*, 17 Ariz.App. 576, 499 P.2d 190 (1972); The *Santa Fe Trail Transportation Company v. Bowles*, 62 Ariz. 177, 156 P.2d 722 (1945); *Nelssen v. Electrical Dist. No. 4*, 60 Ariz. 145, 132 P.2d 632 (1942), reh'g 60 Ariz. 175, 133 P.2d 1013 (1943). The "semblance of authority" requirement insures, on the one hand, that no taxpayer will be compelled to pay under protest in order to gain entrance to impartial review by the courts if, in fact, the imposition of the tax is blatantly illegal. *Nelssen v. Electrical District No. 4*, supra. On the other hand, requiring payment under protest when some semblance of authority is apparent insures that government will not be paralyzed by deliberately

delinquent taxpayers trying to forestall the inevitable. We do not find any facial invalidity in the instant case which would prohibit the execution of a tax lien pursuant to A.R.S. § 42–609, § 42–611 or § 42–612. Nor do we find the applicable sections of the tax code unconstitutional, as alleged by appellants. See *County of Maricopa v. Chatwin*, supra. Similar statutes have been upheld by the United States Supreme Court over a period of many years, as is apparent from the following quotation from *Matthews v. Rodgers*, 284 U.S. 521, 52 S.Ct. 217, 220, 76 L.Ed. 447 (1931), where the Supreme Court stated:

> "It may be assumed that, if appellees do not pay the challenged tax, and in consequence of that omission they are subjected, as it is alleged they will be, to the civil and criminal penalties for nonpayment, the resulting injury to their business will be irreparable, and can be avoided only by resort to equity to prevent the threatened wrong. But appellants insist that the appellees are under no such constraint, either to expose themselves to the penalties for failure to pay the tax or to seek equitable relief against its collection, since each of them may pay the tax to the collecting officer under protest, and, under the laws of Mississippi, may maintain a suit at law for its recovery on the ground that it was exacted in violation of the Constitution of the United States. That such a procedure saves to the taxpayer his federal right, and, if available, will defeat the jurisdiction of federal courts to enjoin the collection of the tax, has long been the settled rule in this court. [Citations to a number of cases going back to *Allen v. Pullman's Palace Car Co.*, 139 U.S. 658, 11 S.Ct. 682, 35 L.Ed. 303 (1891) are omitted]."

Count One, the unconstitutionality of the personal property tax statute and an invalid tax claim, was properly dismissed by the trial court, since appellants failed to comply with the provisions of A.R.S. § 42–204, requiring payment prior to testing the validity or amount of tax.

## THE SEARCH AND SEIZURE COMPLAINT

Count Two of appellants' amended complaint, alleging a violation of constitutional rights in the improper manner in which their property was seized, was erroneously dismissed. Separating out the allegation of an invalid tax, which is governed by A.R.S. § 42–204, there remains the question of the execution of the tax warrant, which falls squarely under the Fourth Amendment. A question of fact was raised by appellants in their verified complaint whether the proper warrant, the tax bill, was served on appellants at the time of search and seizure and whether the "warrant" met statutory requirements of validity under A.R.S. § 42–612 (Supp.1984). Beyond this, if the entry of the business premises invaded a legitimate privacy interest, which cannot be decided without evidence, that entry could not be made on the basis of a tax bill alone. Rather, it would require a judicial warrant. *G.M. Leasing Corp. v. United States*, 429 U.S. 338, 97 S.Ct. 619, 50 L.Ed.2d 530 (1977). Count Two becomes a question of appellants' right to be free of illegal search and seizure, because of an improper warrant, aside from any question of whether the $120.50 was validly arrived at or imposed. An action for compensatory and punitive damages, appellants' requested relief, will lie to redress an illegal search or seizure. *Eleuteri v. Richman*, 43 N.J.Super. 303, 128 A.2d 743 (1956), cert. denied, 358 U.S. 843, 79 S.Ct. 52, 3 L.Ed.2d 77 (1958). An improperly executed warrant could serve as the basis for a claim of wilful misconduct by the sheriff, as contemplated by A.R.S. § 42–614. Because we find that appellants stated a damage claim upon which relief could be granted with respect to the manner in which the tax bill was executed, we remand for trial on that narrow issue.

Reversed in part and remanded.

LACAGNINA and LIVERMORE, JJ., concur.