916 P.2d 1109

**BULL HN INFORMATION SYSTEMS, a corporation; Gould, Inc., a corporation; Hexcel Corporation, a corporation; Honeywell PMSD, a corporation; Micro–Rel, a corporation, Plaintiffs–Appellants, Cross–Appellees,**

**v.**

**STATE of Arizona DEPARTMENT OF REVENUE, Defendant–Appellee,**

**and**

**Maricopa County, a body politic and corporate; Betsey Bayless, Tom Freestone, Jim Bruner, Carole Carpenter and Ed Pastor, as members of the Maricopa County Board of Supervisors; Ira Friedman, in his capacity as Maricopa County Assessor; and Glenn O. Stapley, in his capacity as Maricopa County Treasurer, Defendants–Appellees, Cross–Appellants.**

**No. 1 CA–TX 94–0004.**

Court of Appeals of Arizona,
Division 1, Department T.

Nov. 16, 1995.

Review Denied May 21, 1996.

---

Munger & Munger, P.L.C. by John F. Munger, Mark E. Chadwick, Tucson, for Appellants/Cross–Appellees.

Macpherson & Migray, P.C. by Ian A. Macpherson, Frank L. Migray, Phoenix, for Maricopa County Defendants–Appellees and Cross–Appellants.

Grant Woods, Attorney General by Michael F. Kempner, Assistant Attorney General, Ileen K. Keenan, Assistant Attorney General, Phoenix, for Arizona Department of Revenue Defendant–Appellee.

## OPINION

EHRLICH, Judge.

Bull HN Information Systems, Gould, Inc., Hexcel Corporation, Honeywell PMSD and Micro–Rel ("taxpayers") appeal from a tax court judgment (1) declining to award them full refunds of *ad valorem* taxes on personal property which they argue was erroneously listed on the unsecured roll in 1988 through 1990 and (2) determining that they instead were entitled to recover the differences between the amounts they actually paid after May 20, 1990, and the amounts they would have paid if their personal property had been listed on the secured roll. The Maricopa County appellees cross-appeal from the tax court's decision to accept jurisdiction of the taxpayers' petition for special action and grant relief.

The appeal and cross-appeal present multiple issues. The resolution of the following one is dispositive as to each of the taxpayers with the exception of Hexcel Corporation:

Whether the tax court acted in excess of its jurisdiction in granting special action relief.

We hold that it did.

With regard to Hexcel, the following issue also is presented:

Whether the tax court erred in limiting it to a recovery of the differences between the taxes it paid on the unsecured roll and those it would have paid if its property had been listed on the secured roll.

We hold that the tax court did not err but that the amounts need to be calculated appropriately.

### FACTS AND PROCEDURAL HISTORY

The taxpayers have operated various businesses in Maricopa County since before 1988. At all times material to this appeal, each owned real property in Maricopa County worth over $200.

On or before March 15th of each year, the Maricopa County Assessor's Office mails to owners of taxable personal property in Maricopa County a "State of Arizona Personal Property Statement Form 82520" pursuant to Ariz.Rev.Stat.Ann. ("A.R.S.") sections 42–222,[1] 42–223 [2] and 42–224.[3] This form asks the taxpayer to identify its taxable personal property and to state whether it owns the real property on which the identified personal property is located.[4] The form states:

4. If personal property is to be secured to real estate, the following must be provided:. . . .

Owner of real estate_____

Legal description and parcel number_____

Personal property cannot be assessed to real estate after May 1.

Each of the taxpayers submitted a Form 82520 to the Maricopa County Assessor in the years 1988, 1989 and 1990.[5] In those years, each taxpayer's personal property was listed and assessed on the unsecured personal property tax roll rather than on the secured personal property tax roll. Each taxpayer received a bill showing that its personal property had been listed on the unsecured roll and each paid its bill without protest or other challenge to that listing.

On May 20, 1991, the taxpayers filed in the Arizona Tax Court a combined petition for special action and complaint/appeal from denial of tax refund. They alleged that they had been taxed more than other taxpayers in the same class for identical property, and that this constituted an erroneous assessment and a violation of their due process and equal protection rights. They sought, *inter alia*, refunds under A.R.S. sections 11–506 and 42–204(C) of all amounts paid.

The appellees opposed the special action petition, arguing that the taxpayers had had equally plain, speedy and adequate remedies by appeal and that the tax court therefore lacked jurisdiction to grant special action relief. The appellees also contended that the

---

1. Section 42–222(A) provides:

   The assessor may demand from each person or firm, or from the president, cashier, treasurer or managing agent of each corporation or association owning, controlling or having possession of property within the county a correct list under oath or affirmation of all property within the county owned or claimed by or in possession or control of such person, firm, corporation or association, and may request information from each person, firm, corporation or association bearing upon the listing or valuation of taxable property.

2. Section 42–223 requires persons to whom the assessor has sent property list forms to prepare and deliver to the assessor a correct list by May 1. Subsection E, added by 1992 Sess.Laws, Ch. 344, § 1, provides that if a person who owns $200 or more in real property in the county fails to state the parcel number on the form, the assessor is to list and value his personal property as unsecured personal property.

3. Section 42–224 requires the Arizona Department of Revenue to prescribe the content and form of property lists.

4. The secured roll lists the personal property of taxpayers who own real property in the county valued at $200 or more. Personal property is otherwise assessed on the unsecured roll pursuant to A.R.S. section 42–601 *et seq. See Scottsdale Princess Partnership v. Maricopa County*, 185 Ariz. 368, 916 P.2d 1084 (App.1995).

5. The record does not include copies of any of the completed forms submitted by the taxpayers. We also note that, at oral argument, counsel for Maricopa County asserted that Anne Beck, Manager, Personal Property Division, Maricopa County Assessor's Office, had averred in an affidavit that all the forms filed by each of the taxpayers in the years 1988 through 1990 lacked any parcel numbers of real property to which listed personal property was to be secured. Our review of the affidavit itself fails to confirm this assertion.

taxpayers' action was barred by the one-year limitations period provided by A.R.S. § 42–204(C) for actions to recover an allegedly illegal tax and that the unsecured personal property tax billings had not constituted "erroneous assessment[s]" for which relief was available under A.R.S. section 11–506.

The tax court took jurisdiction of the taxpayers' special action and dismissed their complaint. In its minute entry of September 23, 1991, it ruled:

> With respect to tax payments the first installment of which was paid subsequent to May 20, 1990, the Taxpayers are entitled to the difference between the tax paid on the personal property on the unsecured tax roll and the tax that would have been paid had the property been placed on the secured property roll.
>
> The Taxpayers are also entitled to a refund of any personal property tax the first installment of which was paid prior to May 20, 1990, for a tax on property on the unsecured roll if the Taxpayer itself was not in business in Maricopa County prior to January 2, 1990.

Judgment was not entered until December 14, 1993, at which time the taxpayers timely appealed and the appellees timely cross-appealed. This court has jurisdiction pursuant to A.R.S. section 12–2101(B).

## DISCUSSION

The Maricopa County appellees contend on cross-appeal that the tax court exceeded its jurisdiction in granting relief on the taxpayers' petition for special action. We agree.

The version of A.R.S. section 11–506 applicable in the tax years in question here provided:

> If all or a part of a property tax has been paid on an erroneous assessment after such assessment is verified by the department of revenue, the county board of supervisors shall direct the county treasurer to grant a refund to the taxpayer, to the extent of the erroneous tax paid pursuant to such erroneous assessment after correcting the tax roll, provided the taxpayer submits a claim therefor to the county treasurer within three years after the pay-

ment of such erroneous tax. Such claim shall be processed in the same manner and subject to the provisions as provided in § 11–505.

A series of opinions have construed the meaning and application of this statute. *Widger v. Ariz. Dept. of Revenue,* 183 Ariz. 296, 903 P.2d 604 (App.1995); *E.C. Garcia & Co. v. Ariz. State Dept. of Revenue,* 178 Ariz. 510, 875 P.2d 169 (App.1993); *S. & R. Properties v. Maricopa County,* 178 Ariz. 491, 875 P.2d 150 (App.1993). In *Widger,* after summarizing and quoting from *E.C. Garcia* and *S. & R. Properties,* this court stated:

> Read together, *S. & R. Properties* and *E.C. Garcia* stand for the proposition that, although pre-amendment A.R.S. section 11–506 applied to more than mere administrative or clerical errors that are obvious on the face of the tax roll, relief was available under that statute only for assessment errors that were clear and indisputable without the need for resolution of contested issues of fact or law....
>
> ... A.R.S. section 42–229 provides: "If two or more contiguous lots, tracts of land or patented mines are owned by the same person, they *may* be jointly assessed and one valuation fixed for the whole." (Emphasis added). Based on this permissive language, at all material times the assessor followed a policy of declining to recognize combined acreages, like the Taxpayers' 186 subdivided lots, for the purpose of valuation. Because Department of Revenue Agricultural Manual No. 1532 required that field crop land have an area of at least twenty acres to qualify as agricultural property, the assessor's policy resulted in individual nonagricultural valuation for all the Taxpayers' lots despite their *de facto* combined use as a farming operation. [Footnote omitted.]
>
> ... [T]his valuation/classification decision cannot be characterized as an "error" that was "clear and indisputable from the County's own records or from the taxpayer's claim" and which did not depend "on the adjudication of *disputed issues of* fact or *law.*" *S. & R. Properties,* 178 Ariz. at 501, 502, 875 P.2d at 160, 161 (emphasis added). Determining whether the asses-

sor's action was legally correct properly would have been "(t)he function of the appeal process." *Id.* at 502, 875 P.2d at 161.

183 Ariz. at 300, 903 P.2d at 608.

■ In this case, the taxpayers invoked A.R.S. section 11–506 as one procedural vehicle pursuant to which they could obtain full refunds of all taxes paid on personal property assessed on the unsecured rather than the secured roll. Nothing presented to the tax court reflects that the Department of Revenue ever "verified" or otherwise agreed that Maricopa County erred in listing the taxpayers' personal property on the unsecured roll. Indeed, both Maricopa County and the Department of Revenue actively opposed the taxpayers' bid for refunds from the start. Moreover, the question whether Maricopa County had incorrectly listed the taxpayers' personal property in the years in question plainly depended on resolution of disputed issues of fact and law, *e.g.*, the content and legal consequences of the taxpayers' personal property lists for the years in question, the question whether the duty to list personal property on the secured or unsecured roll was mandatory or directory, and whether the financial consequences of listing on the unsecured roll was to the disadvantage or benefit of each taxpayer under the particular circumstances. Under *Widger, S. & R. Properties* and *E.C. Garcia,* the taxpayers' refund claims were not redressable under A.R.S. section 11–506, and should instead have been timely presented and adjudicated in the property tax appeal process.

The taxpayers' petition for special action and complaint/appeal also invoked A.R.S. section 42–204 in support of their claims for refunds. That statute provides in pertinent part:

A. Any person upon whom a tax has been imposed or levied under any law relating to taxation shall not be permitted to test the validity or amount of tax, either as plaintiff or defendant, if any of the taxes:

1. Levied and assessed in previous years against the property of taxpayer have not been paid.

2. **Which are the subject of the action are not paid prior to becoming delinquent.** [Emphasis added.]

3. Becoming due on the property during the pendency of the action are not paid prior to becoming delinquent.

\* \* \*

C. Within one year after payment of the first installment of the tax, an action may be maintained to recover any tax illegally collected, and if the tax due is determined to be less than the amount paid, the excess shall be refunded in the manner provided by this title.

■ The purpose of a statutory requirement that taxes be paid before delinquency is to insure the continued fiscal soundness of the government; such requirements are mandatory. *Pima County v. Cyprus–Pima Mining Co.,* 119 Ariz. 111, 579 P.2d 1081 (1978); *see Shew v. Jeffers,* 147 Ariz. 192, 709 P.2d 549 (App.1985) (claim under A.R.S. section 42–204(C) properly dismissed when taxpayer fails to comply with section 42–204(A)). Section 42–204(A) broadly states that a person who fails to timely pay past, current or accruing property taxes before delinquency "shall not be permitted to test the validity or amount of tax, either as plaintiff or defendant. . . ." This language makes it clear that compliance with that subsection is a jurisdictional prerequisite to commencing and maintaining a property tax refund action under A.R.S. section 42–204(C).

Taxpayers Bull HN Information Systems, Gould, Inc. and Honeywell PMSD made no personal property tax payments within the year before the complaint was filed. Micro–Rel made a payment of personal property taxes within that year, but it did so five days beyond the delinquency date for those taxes. The tax court lacked jurisdiction to grant relief to these four taxpayers under A.R.S. section 42–204(C). Because we hold that no relief was available to these taxpayers under A.R.S. section 11–506 or 42–204(C), we need not consider the contentions they raise on appeal.

■ Hexcel Corporation made a timely payment of personal property taxes within

the year preceding the filing of the complaint. In *Scottsdale Princess Partnership v. Maricopa County*, 185 Ariz. 368, 916 P.2d 1084 (App. Aug. 24, 1995), we held that, when property is improperly assessed on the unsecured roll, the taxpayer "is entitled only to a refund of any excess tax paid." 185 Ariz. at 372, 916 P.2d at 1088. The record in the instant case shows what Hexcel actually paid in 1990 on the unsecured roll, but not what it would have paid had its property been assessed on the secured roll. We remand to the tax court for a calculation of the refund, if any, to which Hexcel may be entitled.[6]

## CONCLUSION

This matter is reversed as to Bull HN Information Systems, Gould, Inc., Honeywell PMSD and Micro–Rel with directions to enter judgment for the appellees. It is remanded as to Hexcel Corporation with directions to calculate any refund owed it in accordance with this opinion.

THOMPSON, P.J., and KLEINSCHMIDT, J., concur.

---

**6.** We reject the taxpayers' assertion that the award of this limited relief is tantamount to retroactively imposing secured-roll personal property taxes for the years in question. The remedy prescribed by *Scottsdale Princess* is designed merely to ensure the return of any excess taxes paid by mandating a calculation of that portion of the taxes, if any, that was collected due to the incorrect placement of the property on the unsecured roll.